436

## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Stephen McClelland

January 2, 2003

Case No. CR90-F-652

BY JUDGE BEVERLY W. SNUKALS

This cause is before the Court on the Defendant's various Motions, requesting action from this Court in Case Number CR90-F-652. These various pleadings will all be addressed in this Letter Opinion and Order.

### Background

Ms. Christine Cestaro, Esq., of the Office of the Public Defender, was appointed by this Court on May 6, 2002, to represent the Defendant, "on motions in this matter..." in the above captioned case. The Court heard a Motion for New Scientific Investigation on September 25, 2002, and the Defendant was ably represented by his counsel. Ms. Cestaro is still the Defendant's counsel of record in this case, and the Court is not aware of any change in circumstances that would alter the appointment of Ms. Cestaro as counsel.

The Defendant has filed several pleadings since his return to prison in 1999 on a revocation of parole in the underlying criminal action. The only substantive action of this Court since that time was to conduct a hearing on the Defendant's Motion for a New Scientific Investigation, pursuant to Va. Code § 19.2-327.1. Nevertheless, the Defendant has requested materials related to several incidents of the underlying criminal action, which was conducted in

1990 for which the last stage of appellate procedures became final in 1996. The Court now considers the pleadings filed by the Defendant and concludes as follows.

## I. *Motion for Transcripts, Filed September 25, 2002*

The Defendant filed a Motion for Transcripts in this Court on September 25, 2002, on his own initiative and without the assistance of his counsel. Defendant's Motion for Transcript is not properly before this Court, and will not be considered on its merits. This Motion has been denied on October 1, 2002, and is addressed here again solely for purposes of establishing the procedural posture of the case.

## II. *Motion for Transcripts, Filed October 20, 2002*

The Defendant filed a second Motion for Transcripts on October 20, 2002, without the assistance of, or consultation with, his counsel. The Defendant's Motion is not properly before this Court. Further, this Motion is essentially duplicative of the one filed on 25 September 2002.

The Defendant requests these transcripts for the purpose of, "appealing my Motion 19.2-327.1 Hearings. I want transcripts from (1) Sept. 18, 1990, (2) May 1, 2002, (3) Sept. 25, 2002."

(1) The date of September 18, 1990, is the date of the Defendant's substantive trial. At this late date, there is no right for the Defendant to appeal or to challenge by way of *habeas* the underlying conviction.

(2) On May 1, 2002, the Defendant's appointed counsel, David Gammino, Esq., was heard on his motion to withdraw as counsel. This action was the subject of a mandamus action filed by the Defendant, but as the mandamus action was disposed of by the Supreme Court via final order on June 11, 2002, there are no further proceedings to be conducted on this issue. Record No. 021102. Thus, there is no procedure that requires a transcript of this hearing and the Defendant has no need of this transcript.

(3) The request for September 25, 2002, was the hearing on the Motion for a New Scientific Analysis conducted pursuant to Va. Code § 19.2-327.1. The court considering a request for transcripts must first determine, "the value of the transcript to the defendant in connection with the appeal or trial for which it is sought...." *Harley v. Commonwealth*, 25 Va. App. 342, at 347, 488 S.E.2d 647, at 649 (1997). The Code provision establishing the Motion procedure specifically denies the Defendant any right of appeal, stating, "An action under this section ... shall not form the basis for relief in any *habeas*

*corpus* proceeding *or any other appeal.*" Va. Code § 19.2-327.1(G) (emphasis added). Since the Defendant may not appeal the decision of the Court, he cannot show a particularized need for a transcript under *Harley*. Furthermore, the Motion was not filed by the Defendant's appointed counsel.

### III. *Motion to Produce and Secure Trial Evidence for Testing, Filed on October 28, 2002*

The Defendant filed a "Motion to Produce and Secure Trial Evidence for Testing," on October 28, 2002. The Court notes that this very issue was argued at the Motion for a New Scientific Investigation hearing conducted on September 25, 2002. Under the Motion procedure, the Defendant is required to aver that the evidence has been subject to a chain of custody sufficient to ensure that the evidence has not been adulterated or tampered with. Va. Code § 19.2-327.1(A)(ii). The Defendant was unable to produce any facts to even suggest that any evidence was still extant, and the Commonwealth represented that the evidence sought by the Defendant was no longer in its custody or control. These two facts were part of the reason that this Court denied the Motion. The Defendant's Motion is not properly before this Court, as it was not filed by his counsel, and will not be considered on its merits.

### IV. *Extraordinarily Expedited Request for Transcript of Transcript Hearing October 1, 2002, Filed on December 3, 2002*

The Defendant filed a pleading captioned as an, "Extraordinarily Expedited Request for Transcript of Transcript Hearing October 1, 2002," on December 3, 2002. This Motion also appears to have been filed on his own initiative and without the assistance of, or consultation with, his counsel. This Motion is not properly before the Court. The records of this Court clearly show that there was no hearing conducted on October 1, 2002. This is the date of the entry of the Order denying the first Motion for Transcripts, which the Defendant has assumed to mean that a hearing was held on that date. Defendant's Motion is not properly before this Court and will not be considered on its merits.

### V. *Motion for Transcripts, Filed December 13, 2002*

The Defendant filed a Motion for Transcript on December 13, 2002, under this case number to request transcripts of proceedings in another case,

JA-58206-01, for purposes of perfecting an appeal. The Defendant was convicted of assault and battery before the City of Richmond Juvenile and Domestic Relations Court on June 27, 1999, Case Number JA-58206-01. The Defendant noted his appeal to the Circuit Court on July 9, 1999, after the ten-day filing period. Thus, his appeal was denied by this Court on September 4, 2001. Through various collateral attacks, *see* CL00-L-1143; CL01-M-1156, this case became final on March 15, 2002, when the Supreme Court of Virginia denied the Defendant's appeal of the dismissal for failure to file a Petition for Appeal. This case has become final by no further appeals or collateral actions in this matter. As the Notice of Appeal was not timely filed, the case was disposed of by a written Order. There was no hearing conducted in this case. As there was no hearing, there is nothing to transcribe.

Therefore, the Court denies the all Defendant's various Motions for the reasons stated above.